Dear Mr. Lundy:
You have requested the opinion of this office concerning LSA-R.S.42:61 et seq., the Louisiana Dual Office Holding Law. Your opinion request poses the following query:
 May a person employed in an unclassified position at Grambling State University as Assistant Director of Housing also concurrently serve as an elected member of the Monroe City Council?
The policy behind the Dual Office Holding Law is the promotion and maintenance of the citizenry's confidence in public officials and employees of this state and in governmental decisions. The Dual Office Holding Law aims to achieve the goals of this policy by defining, regulating, and prohibiting dual office holding. LSA-R.S. 42:61.
Under LSA-R.S. 42:63 certain persons holding elective or appointive office or employment in this state are prohibited from also holding another position in state or local government. LSA-R.S. 42:63 D. provides in pertinent part:
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state or in the same political subdivision in which he holds an elective office. (Emphasis added)
According to your query, the two positions at issue are: one, membership on Monroe's City Council and, two, employment at Grambling State University as Assistant Housing Director. The position of Assistant Housing Director at Grambling State University is considered "employment in the government of this state" while membership on Monroe's City Council is considered to be holding of an "elective office in a political subdivision of this state". From a reading of the plain language of this statute, it would seem that the holding of these two positions concurrently would be prohibited by law.
LSA-R.S. 42:66B., however, provides the following exemption to the general duel office holding prohibitions, it reads:
 Nothing in this Part shall be construed to prevent a school teacher or person employed in a professional educational capacity in a grade school, high school, other educational institution, parish or city school board from holding at the same time an elective or appointive office. (Emphasis added)
Under this statutory provision, if the position of Assistant Housing Director is considered employment in a"professional educational capacity," then the concurrent holding of an elective office with this position would not be prohibited.
According to information supplied to this office along with your opinion request, the position of Assistant Director of Housing at Grambling State University has the following job responsibilities:
— assisting the Director of Housing with every departmental project, assists the area Coordinator with problems;
— assists the Director of Housing in ordering supplies;
— represents the Director at various meetings;
— attends various workshops;
— assists with making all initial room assignments and maintaining records concerning residence hall occupancy;
— assists with physical upkeep of the residence halls;
— assists with establishing rules and regulations governing students living in the residence halls; and
— performs other duties as assigned by the Director.
It is further pertinent to note that the qualifications for this position require a minimum of a bachelor's degree in the area of administration, counseling, or related fields, or a minimum of five years experience in higher education. The Assistant Housing Director is not required to teach, to affect the curriculum taught at the University, or to directly participate in the delivery of educational programs at the University. Based upon these facts, it is the opinion of this office that the position of Assistant Housing Director at Grambling State University is not employment in a professional educational capacity. Therefore, the Assistant Housing Director may not also hold the elective office of membership on the Monroe City Council without violating the provisions of LSA-R.S. 42:63.
I hope that this adequately addresses your question. If you require further assistance, please do not hesitate to ask.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ GINA M. PULEIO Staff Attorney
RPI/GMP/1879o